*CATHERINE EVANS (ADMRX.) v. WILLIAM D. EVANS ET AL.

CLAIMS AGAINST ESTATE OF DECEDENT NOT ENFORCIBLE YEARS AFTER ESTATE HAS
BEEN CLOSED—REPOSE OF RIGHTS—WAIVER.

> The settlement made by an administrator will not be opened up forty years
> after the estate was closed in order to let in the claim of the widow for
> her first year's support, where no such claim was asserted at the time
> the estate was being settled.

S. L. James, for plaintiff in error.

Kibler & Montgomery, for defendant in error:

Cited and commented upon the following authorities: *Hill* v.
*Henry*, 17 Ohio 9; *Fisher* v. *Mossman*, 11 Ohio St. 42; *Glenn, In re Est.*,
23 O. C. C. 397 (3 N. S. 608); *McCreight, In re*, 9 Dec. 450 (6 N. P.
479); *Todhunter* v. *Stewart*, 39 Ohio St. 181; Rockel, Prob. Prac. 176,
187, Secs. 211, 226; Woerner, Administration 189, 190, 568, Secs. 267,
268; *Mallory* v. *Railway*, 53 Kas. 557 [36 Pac. Rep. 1059]; *Rierdon,
In re Est.*, 5 Dec. 606 (5 N. P. 516); 18 Cyc. 151, 152, 394; *Hubbard*
v. *Wood*, 15 N. H. 74; *Mathes* v. *Bennet*, 21 N. H. 188.

## VOORHEES, J.

This action is a proceeding in error; and the object of the proceed-
ing in the probate court was to have revoked letters of administration
issued to Catherine Evans, plaintiff in error, on the estate of John E.
Evans, deceased.

John E. Evans died intestate in 1869. Letters of administration
were granted on his estate to his brother who filed his final account in
1870. Upon the confirmation of said account by the court the adminis-
trator paid over the balance remaining in his hands to the widow, the
said Catherine Evans. She gave her receipt to said administrator for
said balance in full settlement of said account and of said estate.

During the administration of said estate no allowance of the "year's
support" for the widow was made or allowed to said plaintiff in error;
no application or demand for the same was made by her or any one for
her.

---

*Affirmed, *Evans* v. *Evans*, 56 Bull. 7; 83 O. S. 000; affirming, *Evans* v.
*Evans*, 20 Dec. 000.

Licking County.

Forty years or more after the settlement of said estate application was made for the appointment of an administrator on said estate of said John E. Evans, deceased, for the sole purpose of having said "year's support" allowed to the plaintiff in error, and upon said application the plaintiff in error was appointed. The only purpose or object of said appointment is to have allowed to said plaintiff in error, as widow of John E. Evans, deceased, a "year's support." No application for the appointment of an administrator *de bonis non* on said estate has ever been made, and the plaintiff in error's appointment is not as administratrix, *de bonis non,* but original administratrix upon an estate which had been fully settled for forty years.

A motion was made in the probate court by defendants in error to revoke the letters of administration, granted to the plaintiff in error, and such proceedings have been had in the probate and common pleas courts that the case is brought to this court on error.

From the record in the case it is shown that the estate of John E. Evans, deceased, was settled by his administrator in 1870 and distribution was made according to law, and the widow, plaintiff in error, receipted to the administrator for what was coming to her.

If there had been an allowance made to the widow for her "year's support" in the original administration, and an application for an increase had been made in a reasonable time, before the estate had been settled, it doubtless could and would have been recognized. But will either a court of equity, or law, after so great lapse of time, open up the final settlement of an estate to let in a stale claim such as this one? We think not.

In *Webster* v. *Bible Society,* 50 Ohio St. 1 [35 N. E. Rep. 297], the policy of the law in regard to a claim like this is pretty clearly indicated. At page 14, the court uses this language:

"Our law favors the prompt and speedy settlement and distribution of estates, and has provided adequate remedies and procedure for the accomplishment of that result. Limitations upon the commencement of actions against executors and administrators, are not more for their protection, than for the security of the estates of deceased persons, and the repose of rights and titles derived from and through them."

Again at page 18, same case, the court say:

"We are also of the opinion, that if the plaintiff's action was not strictly within any provision of the statute of limitations or if the statute was not applicable to it at all, the claim was a stale one when

Evans v. Evans.

presented to the assignee. It has long been established that equity will refuse its aid, independent of the act of limitations, after great lapse of time. Reasonable diligence must be exercised in asserting their claims by those who seek the active aid of a court of equity.''

The plaintiff in error has slept upon her rights for forty years, and now seeks to open up this estate in regard to a claim she could have asserted at any time during the administration of her husband's estate before it was finally settled in 1870. We think she has waived her right to have this allowance of the ''year's support'' allowed to her after waiting these forty years.

The judgment of the court below is affirmed with costs. Exceptions noted.

**Taggart** and **Donahue, JJ.,** concur.